### Richard Slack, Appellee, v. Milwaukee-Mechanics Insurance Company, Appellant.

#### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Richard Slack against Milwaukee-Mechanics Insurance Company on a fire insurance policy issued to plaintiff on the contents of a six-room dwelling house. From a judgment in favor of plaintiff, for seven hundred and fifty dollars, defendant appeals.

Plaintiff had four one thousand dollars insurance policies on the contents of the house in four different companies and being unable to effect a settlement brought suit against the respective companies. In a suit against the Security Insurance Company plaintiff recovered a judgment for seven hundred and seventy-five dollars, but on appeal to the Appellate Court the judgment was reversed and the cause remanded. *Security Ins. Co. v. Slack,* 183 Ill. App. 579. The pleadings in that case and the present one appear to be identical and the evidence much the same except in some minor particulars. The decision in the former case is controlling on some of the questions raised in the present case, and reference must be had to the opinion in that case for the decision on those questions.

E. P. PEERS and E. P. HOLLY, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 699*—*when refusal of requested instruction improper.* In an action on a fire insurance policy, refusal of a requested instruction that the insurance company would not be liable for loss or damage to the goods other than that arising from the fire resulting from plaintiff not being permitted by the police and fire department to take possession of the goods after the fire, *held* error, the policy insuring only against direct loss or damage by fire and providing that the insurer shall not be liable for loss caused directly or indirectly by order of any civil authorities.

2. INSURANCE, § 636*—*admissibility of insured's list of property destroyed.* A copy of the list of articles made out and furnished the adjuster by the insured may be used by the insured to refresh his recollection when testifying as to what articles were destroyed, but where the list has the value of each article placed opposite the same it should not be permitted to go to the jury.

3. INSURANCE, § 426*—*amount of recovery for loss by fire.* Where a fire policy limits the liability of the insurer to the actual cash value of the property at the time of loss to be ascertained with proper deductions for depreciations however caused, the insured is not entitled to recover the cost price of the articles when new, it appearing that the articles had been used for one or more years.